Senable Campbell #LL90341
Calif. Health Care Facility
P.O. Box 32110
Stockton, Calif 95213

FILED

Aug 15 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ shelyy        DEPUTY

United States District Court
for the Southern District

| | |
|---|---|
| Senable Campbell | |
| v.     Plaintiff | Case No: '22CV1204 CAB NLS |
| R. Falcon et. al, | Civil Rights Complaint |
| Defendants | |

## Jurisdiction & Venue

1. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1343 in that this case arises under federal law and seeks damages on the basis of Eighth and Fourteenth Amendment civil rights violations as well as violation of the Americans with Disabilities Act, 42 U.S.C § 12101 et seq.

2. Plaintiffs claims, alleged herein, arose in San Diego, County, California while Plaintiff was being detained at Richard J. Donovan Correctional Facility. Therefore, venue is proper in the Southern District of California pursuant to 28 U.S.C § 1391 (b)(2).

(1)

\* PARTIES \*

3. Plaintiff 'Senarble Campbell' (Here in after identified as "Plaintiff) was, at all times relevant to this action, an individual incarcerated at Richard J. Donovan Correctional Facility in San Diego County, California

4. Defendant R. Falcon, was at all times relevant to the actions, and omissions described herein a Correctional Officer at Richard J. Donovan Correctional Facility.

5. Defendant S. Valenzilea, was at all times relevant to the actions, and omissions described herein a Correctional Officer at Richard J. Donovan Correctional Facility.

6. Defendant N. Garsilaso, was at all times relevant to the actions, and omissions described herein a Correctional Officer at Richard J. Donovan Correctional Facility.

## * STATEMENT OF FACTS *

7. At all times mentioned herein Plaintiff was a participant in the California Department of Corrections and Rehabilitation (CDCR) Mental Health Services Delivery System (MHSDS) at the Enhanced Out Patient (EOP) Level of Care as 'EOP' is a special program for prisoners who are mentally disable, unable to care for themselves in a general population environment.

8. Plaintiff is an Armstrong class member. Plaintiff is designated as 'DPM' which means Plaintiff have a mobility disability. Plaintiff have low bunk and low tier accommodations and use a walker and a cane to get around. Plaintiff also have a waist-chain chrono, because Plaintiff can not be cuffed behind the back and his hips gives out 'Plaintiff falls over. Such accommodations are needed due to an old injury from 1992, when Plaintiff was slammed onto a curb, which resulted in hours of surgery to place an 17 inch rod in my left femur.

9. Plaintiff is also diagnosed with Exhibitionism. CDCR staff (psychologist), diagnosed Plaintiff with Exhibitionistic disorder in 2005. Plaintiff have struggled with exhibitionism for years now. Plaintiff really try not to act on his urges to expose himself. Sometimes Plaintiff tries to harm himself in order to redirect his focus so he does not act on his urges. Despite Plaintiff diagnosis, CDCR has no treatment for

(3)

Plaintiff, but the punishment has never stop.

10. Between September 2019-to-January 13, 2020, Plaintiff was housed at Richard J. Donovan Correctional Facility, in the Enhanced Out Patient Program (EOP) on C-Yard-Building 14.

11. On January 13, 2020, I acted on an exhibitionistic urge to masturbate, expose myself to the female C/O (A. Flores). After noticing me C/O A. Flores yelled at me from the tower to stop, "so I stop".

12. During the time of me exposing myself to C/O A. Flores, there were no officers on the dayroom floor and/or in the Building.

13. Sometime later "(half an hour or so)" the floor officers: (C/O R. Falcon, C/O S. Valenzuela, and C/O N. Garsilaso), came back into the unit.

14. Shortly after entering the Unit the officers came up to my cell (C-14-#139). C/O R. Falcon told the tower officer C/O A. Flores to open up my cell door. I was told by C/O R. Falcon to step outside my cell, 'so I did'.

15. Once I got outside my cell C/O R. Falcon begins ranting and raving about me exposing myself to C/O A. Flores and continued by stating this is the 3rd or 4th time

(4)

1  YOU HAVE EXPOSED YOURSELF to other female officers.

3  16. C/O R. Falcon and C/O N. Garsilaso, entered my cell as I
4  stood up against the wall between cell #138 and my cell
5  #139 while C/O S. Valenzula, stood outside of the cell
6  watching me.

8  17. Plaintiff begin to hear property being thrown around,
9  papers ripping, papers crumbling, things hitting the floor,
10  pure chaos.

12  18. About 5 minutes or so, C/O R. Falcon, exit my cell with
13  some property of mines. I attempted to explain to C/O R.
14  Falcon that everything in my cell I have on my property
15  card and/or I have receipts for; but to no avail my
16  property was taken.

18  19. Plaintiff believed that C/O R. Falcon confiscated his pro-
19  perty solely in retaliation for the act of exposing to C/O A.
20  Flores earlier.

22  20. Plaintiff felt angry and panicked. I told C/O R. Falcon that
23  I had safety concerns. C/O R. Falcon responded by saying no you
24  don't. After C/O R. Falcon said that, I did not know what to do
25  at that time and it felt like I was grasping for straws. So
26  I told C/O R. Falcon that I was suicidal.

28  21. C/O R. Falcon, responded by saying cuff up. So I placed my

(5)

1  hands in front of me for C/O R. Falcon to cuff me up. He told me,
2  "NO", cuff up in the Back. I told C/O R. Falcon that I was
3  not able to cuff up from the Back due to having a cane (while
4  pointing to my cane, and I have a walker in my cell.

6  22. To No avail C/O R. Falcon still insist on cuffing me up from
7  the Back. I stated that I am not able to; I have a
8  cane, a walker, and I have a waist restraint chrono.

10  23. C/O R. Falcon, then grabbed my right hand saying here I'll
11  help you while simultaneously placing a foot in front of my feet
12  forcing me to the ground, head first, "Positive Loss of Conc-
13  iousness".

15  24. Once I came to I was being punched, and kneed, by C/O
16  R. Falcon, C/O S. Valenzuea, and C/O N. Garilaso, in the head, face,
17  ribs, and back, 'as the words of stop resisting were being
18  repeated. Although Plaintiff was not resisting at all.

20  25. Soon thereafter Plaintiff heard inmates from inside
21  their cells yelling "Thats Enough", followed by other "C/o's"
22  coming into the building.

24  26. One of the officers on top of me then cuffed me behind
25  my back. I was then forcefully pulled to my feet. The off-
26  icers then had me to walk out of the building without my
27  cane, or my walker. I struggled to walk without my acc-
28  omodating disability devices.

27. Once outside I was placed on the Building wall. The Psychiatric Technician came, I told him that I was assaulted by the "C/O's" while showing him my injuries. I also told him that I was suicidal and that I wanted an excessive force "interview," "He did not respond".

28. The officers then escorted me to the gym cuffed-up from behind my back without my cane or walker. I was limping and straggling not to fall over while in pain, as the officers barely held onto me. During the painfull escort a sergeant told me "You're lucky, "in the past we would have been dragging your ass across the yard.

29. Plaintiff was eventually evaluated by medical and mental health staff and transferred to 'U.C. San Diego Hospital for his injuries.

Causes of Action
Count I
"Unreasonable and Excessive Use of Force (Eighth and Fourteenth Amendments to U.S. Constitution and 42 U.S.C. § 1983), against Defendants R. Falcon, S. Valenzulea, and N. Garsilaso, in their individual capacities"

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

(7)

31. Defendants R. Falcon, S. Valenzulea, and N. Garsilaso, acted maliciously and sadistically, for the purpose of causing harm to Plaintiff.

32. Defendants acted with the applicable state of mind when they use force against Plaintiff which was unnecessary, excessive, and unreasonable under the circumstances.

33. Each Defendants applied force on Plaintiff for the purpose of causing harm, not in a good faith effort to maintain or restore discipline. Plaintiff sustained, defendants made no efforts to temper the severity of their responses, acts and omissions.

34. As a direct and legal result of Defendants acts and omissions, Plaintiff suffered damages, including without limitation, pain and suffering, suicidal attempts and or thoughts, emotional distress, injuries, on-going mental suffering, and other pecuniary losses not yet ascertained.

35. Defendants, by engaging in the aforementioned acts or omissions, disregarded an excessive risk to Plaintiffs health and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined.

(8)

# Causes of Action

## COUNT II

"DELIBERATE INDIFFERENCE to SERIOUS MEDICAL NEEDS (Eighth and Fourteenth Amendments to U.S. Constitution and 42 U.S.C. § 1983), against defendants R. FALCON, S. VALENZUELA, AND N. GARSILASO, in their individual capacities"

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as though fully set forth here in.

37. The Defendants acted with the applicable state of mind as they disregarded risks to plaintiffs medical needs, health and safety, in violation of his Eighth Amendment Right to be free from cruel and unusual punishment.

38. As clearly as possible plaintiff made a couple attempts to communicate his well documented medical needs About not being able to cuff-up from the back; having a cane, a walker, and a waist restraint CHRONO.

39. Yet none of the defendants responded to the plaintiff ~~was proper~~ REASONABLY in order to prevent injuries to plaintiff and/or the exacerbation of plaintiffs medical and mental health.

(9)

40. As a direct result of defendants' actions, Plaintiff was forced to cuff-up from the back, without any of his documented durable medical equipments (e.g: cane, walker), and/or the documented special cuffing. Plaintiff suffered damages including, without limitation, pain and suffering; emotional distress, and other pecuniary losses not yet ascertained.

41. Each defendant could have taken action to minimize the chance of Plaintiff being injured instead of deliberately ignoring the warning signs of Plaintiff's medical/mental health needs.

42. Defendants by engaging in the aforementioned act or omissions disregarded an excessive risk to Plaintiff's medical and mental health needs, health and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined.

## Causes of Action
## Count III

"Discrimination on the basis of disability (Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12131, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794A), against defendants R. Falcon, S. Valenzuleia, and N. Garsilaso, in their official capacities.

43. Plaintiff repeats the allegations set forth in para-

graphs 1 through 42 as though fully set forth herein.

44. During all of the allegations in this case Plaintiff was a mobility impaired state prisoner who had/has a well documented medical order for the following: special cuffing, cane, walker, mobility impaired disability vest, therapeutic shoes & orthotics, bottom bunk, ground floor - no stairs, "whose disability in pursuant to the American Disabilities Act "(ADA)" 42 U.S.C. §12102

45. Plaintiff was, and still a member of the class of persons protected by the "ADA" which provides that no public entity "including its officers" shall deny "benefits of the services, programs, or activities" to any individual by reason of such disability, 42 U.S.C. §12132. Similarly, section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) makes it unlawful for entities receiving federal funding to discriminate against an individual or to deny benefits on the basis of that disability.

46. Defendants in this case, acted with the applicable state of mind intentionally discriminated against Plaintiffs "ADA/RA" disability deliberately. Plaintiff stated twice to Defendant R. Falcon, his disabilities issues "not being able to cuff in the back" while Defendants: S. Valenzuela and N. Garsilaso stood by.

(11)

47. Defendant R. Falcon, intentionally chose to discriminate against Plaintiffs "ADA/RA", by his statements, acts and omissions (as claimed in paragraphs 21, 22, and 23).

48. Defendants failure to accommodate Plaintiff well documented mobility disability when applying cuffs subjected Plaintiff to intentional discrimination of his ADA/RA claims.

49. Failure to reasonably accommodate a person's disability in the course of an investigation or arrest by using unnecessary force, causing the person to suffer "greater injury or indignity in that process than other arrestees," gives rise to a claim under § 12132, and that a reasonable jury could conclude that a police officer's failure to use less force or no force during an arrest of a person with mental illness could constitute a failure to provide a reasonable accommodation in violation of § 12132.

50. When applied in the prison context, it follows that the second element of a § 12132 claim can be satisfied where a correctional officer could have used less force or no force during the performance of his penological duties with respect to a disabled person.

51. Defendants acts and omissions violated both the

(12)

"ADA" and the Rehabilitation Act, which prohibit discrimination on the basis of physical disability and protect individuals like Plaintiff from being discriminated against based on his or her disability.

52. For this cause of action, defendants are sued in their official capacities and are therefore exempt from immunity as allowed by the Eleventh Amendment.

53. As a direct and legal result of Defendants acts and omissions, Plaintiff suffered damages, including pain and suffering, emotional distress, and other pecuniary losses not yet ascertained.

## EXHAUSTION OF
## Administrative Remedies

54. Plaintiff has exhausted his Administrative Remedies with respect to all claims and all defendants.

(13)

# Previous Lawsuits

1. C12-4351 YGR (PR) Northern District
   Dismissed

2. C13-0584 YGR (PR) Northern District
   Dismissed

3. 1:16-CV-00587-DLB 'Eastern District
   Dismissed

4. 2:17-CV-00866-KJN 'Eastern District
   Dismissed

5. 1:17-CV-01052-GSA Eastern District
   Dismissed Without Perjudice

6. 2:18-CV-00671-CKD Eastern District
   Pending

7. 4:21-CV-05187-JST 'Northern District
   Pending

8. 2:21-CV-01172-KJM-CKD 'Eastern District
   Pending

(14)

" Prayer For Relief "

WHErefore, Plaintiff Respectfully Prays that this Court:

A. Declare that the acts and omissions described here in violated Plaintiffs rights under the Constitution and Laws of the United States,

B. See Case 4:94-cv-02307-CW ° Document 3059 filed 9-8-20, Page 19 Line 18-22, and Page 28 Line 19-23, which are excerpts in regards to this civil suit pertaining to Plaintiff,

C. That this court piggy back off of Case 2:18-cv-00 671 KJM-CKD dated Oct 14, 2021 court order regarding appointment of counsel for Plaintiff,

D. For Appointment of Counsel

E. For compensatory, general, and special damages in an amount to be determind at trial,

F. For punitive damages Against individual defendants in an amount to be proven at trial,

G. A jury trial on all issues triable by a jury

H. For such further Relief as the court

(15)

MAY DEEM JUST, PROPER, AND APPROPRIATE;

"VERIFICATION"

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE. I CERTIFY UNDER PENALTY OR PERJURY THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED AT Stockton, California ON AUGUST 9, 2022.

Donald. Campbell
(SIGNATURE)

(16)

Declaration IN Support of Plaintiffs Civil Rights Complaint

Senarble Campbell, being competent to make this decla- ration and having personal Knowledge of the matters sta- ted therein, declares pursuant to 28 U.S.C. $ 1746:

Senarble Campbell states:

1. I am the Plaintiff in the above-entitled case. I make this declaration in support of my civil Rights complaint.

2. Plaintiffs statement of facts within his Civil Rights complaint are true as stated against defendants: R. Falcon, S. Valenzulea, and N. Garsilaso.

3. Plaintiffs causes of Action Count I, "Unreasona- ble and Excessive Use of Force", against defenda- nts: R. Falcon, S. Valenzulea, and N. Garsilaso, are true as stated.

4. Plaintiffs Causes of Action Count II "Deliberate Indifference to Serious Medical Needs", against def- endants: R. Falcon, S. Valenzulea, and N. Garsilaso, are true as stated.

5. Plaintiffs Causes of Action Count III "Discrimi- nation on the Basis of Disability (Americans with Disabilities Act, 42 U.S.C $$ 12101, 12131,

(1)

et seq., And Section 504 of the Rehabilitation Act, 29
U.S.C. § 794 (A), Against defendants: R. Falcon, S.
Valenzulea, And N. Garsilaso, are true As stated.

6. Plaintiff Exhausted His Administrative Remedies
with Respect to All claims And All defendants.

Wherefore, the Plaintiffs civil Rights complaint should be
Accepted As truth And be Granted. Pursuant to 28 —
U.S.C. § 1746, I declare under penalty of perjury
that the foregoing is true And correct.

DATE: August 9, 2022          (Signature)

(2)

## PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF San Joaquin

I am a citizen of the County of San Joaquin, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# H-90841

My address is:

California Health Care Facility

P.O. Box 32110

Stockton, CA 95213

On August 9, 2022, I served via United States Mail a copy of the following document(s): Civil Rights complaint / Motion for Appointment of Counsel Declarations (2X's) / And Motion to Proceed in Forma Pauperis

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to: United States District Court for the Southern District
333 W Broadway Suite 420
San Diego, Calif 92101

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on August 9, 2022 in San Joaquin County, California.

JENABLE Campbell

**Type or Print Name**

Jenarble Campbell

**Signature**

SENARBLE CAMPBELL #H-90341
B&B #110
Calif. Health Care Facility
P.O. Box 32110
Stockton Calif 95213

CLERK of U.S. District Court
333 West Broadway, Suite 420
San Diego, Calif 92101

LEGAL MAIL
Confidential Mail

