UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL, CDCR #H-90841,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>R. FALCON; S. VALENZULA; N. GARSILASO,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22cv1204-CAB-NLS<br><br>**ORDER DENYING MOTION TO DISMISS [Doc. No. 10]** |

Pending before this Court is the motion to dismiss filed by Defendants R. Falcon, S. Valenzuela and N. Garsilaso ("Defendants"). [Doc. No. 10.] Although this motion was referred to United States Magistrate Judge Nita L. Stormes pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and Recommendation nor oral argument is necessary for the disposition of this matter. *See* S.D. Cal. Civ.L.R. 72.1(d). For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On August 15, 2022, Plaintiff Senarble Campbell ("Plaintiff"), an inmate currently incarcerated in the California Health Care Facility ("CHCF"), and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. §1983. [Doc. No. 1.] Plaintiff claims

Correctional Officers at Richard J. Donovan Correctional Facility ("RJD") used excessive force against him in violation of the Eighth Amendment. *Id.* at 7-8. Plaintiff also alleges Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Id.* at 9-10. Plaintiff seeks compensatory and punitive damages. *Id.* at 15.

On August 15, 2022, Plaintiff also filed a motion to proceed in forma pauperis. [Doc. No. 2.] On August 29, 2022, this Court issued an order granting the motion to proceed in forma pauperis and directing the U.S. Marshall to effect service of the complaint and summons pursuant to 28 U.S.C. §1915(d) and Fed.R.Civ.P. 4 (c)(3). [Doc. No. 3.]

On November 21, 2022, Defendants filed a motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claim on the grounds that it fails to state a claim upon which relief can be granted. [Doc. No. 10.] On December 30, 2022, Plaintiff filed an opposition. [Doc. No. 14.] On January 10, 2023, Defendants filed a reply. [Doc. No. 15.]

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff is a "participant in the California Department of Corrections and Rehabilitation ("CDCR") Mental Health Services Delivery System ("MHSDS") at the Enhanced Outpatient ("EOP") level of care." [Doc. No. 1 at 3.] Plaintiff has a "mobility disability" and uses a cane, as well as a walker. *Id*. He also has a "waist-chain chrono" which means Plaintiff cannot be handcuffed behind his back. *Id*. These accommodations are due to an injury that occurred in 2005 which resulted in having a rod placed in his left femur. *See id*. Plaintiff has also been diagnosed with exhibitionist disorder in 2005. *See id.*

Plaintiff admits that he engaged in exhibitionist behavior on January 13, 2020. *See id.* at 4. Approximately thirty (30) minutes later, Defendants Falcon, Valenzuela, and Garsilaso came to Plaintiff's cells and told him to "step outside." *Id*. Plaintiff alleges Falcon and Garsilaso entered his cell and he could "hear property being thrown around."

*Id.* at 5. Plaintiff felt "angry and panicked" and told Falcon that he was suicidal. *Id.* Falcon responded by telling Plaintiff to "cuff up" in the back. *Id*. at 6. Plaintiff tried to tell Falcon that he could not be handcuffed behind his back due to his disability but Falcon "grabbed [Plaintiff's] right hand" and forced him to the ground causing Plaintiff to lose consciousness. *Id*. When Plaintiff regained consciousness, he was "being punched and kneed" by Falcon, Valenzuela, and Garsilaso in the "head, face, ribs, and back." *Id*. Plaintiff claims he was not resisting. *Id*. Plaintiff was "forcefully pulled to [his] feet" and "struggled to walk without [his] accommodating disability devices." *Id*. Plaintiff was "limping and struggling not to fall over while in pain" as he was escorted by Defendants off the yard. *Id*.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed.R.Civ.P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' " *Id*. (*quoting Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Ultimately, the inquiry focuses on the interplay between

the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to " 'a legal conclusion couched as a factual allegation,' " *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (*quoted in Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir.2001).

Finally, leave to amend may be denied if the court determines that "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co.v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401(9th Cir. 1986).

## DISCUSSION

To maintain an Eighth Amendment claim based on prison medical treatment under 42 U.S.C. § 1983, an inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[T]here is a two-pronged test for evaluating a claim for deliberate indifference to a serious medical need:  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.["]*Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096).

A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. *Id*. "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105–06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1984).

Defendants argue the Eighth Amendment claim fails to establish the subjective prong because it fails to identify the correctional officer who handcuffed Plaintiff behind his back. [Doc. No. 10 at 8-9.] Similarly, Defendants argue the claim fails to identify which correctional officers walked Plaintiff out of the building. [Doc. No. 10 at 9.] However, the Complaint sufficiently alleges that the named Defendants all significantly participated in the handcuffing episode and all escorted him out of the building. [*See* Compl. ¶¶21 – 28, 37-42.] While Plaintiff also references other unnamed officers coming into the building, this does not contradict the clear notice being given to the named Defendants that Plaintiff alleges they were intricately involved in the handcuffing

episode and in escorting him out of the building.  Whether Plaintiff can ultimately prove the subjective component as to each named defendant is not a matter for consideration on a motion to dismiss. Accordingly, the Complaint sufficiently alleges an Eighth Amendment claim as to all of the Defendants.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the Eighth Amendment claim is **DENIED**.  Defendants shall **answer** the Complaint by **May 2, 2023**.

**IT IS SO ORDERED.**

Dated:  April 11, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge